Ficks and others, Respondents, vs. Purcell, Appellant.

*December 5, 1916—January 16, 1917.*

*Reformation of instruments: Mistake: Evidence: Sufficiency: Estoppel: Waiver.*

1. In an action to reform a contract by which defendant sold to plaintiffs his interest in a partnership between him and one of them, a finding of the trial court that the consideration for such sale was to be the amount defendant had actually invested in the business, and that through a mutual mistake of fact such amount was overstated, is *held* to be sustained by the evidence.

2. Payments made by plaintiffs to the defendant after their discovery of the mistake did not, under the circumstances of the case, operate as an estoppel or waiver of the right of defendant's former partner to recover the amount overpaid.

3. A further finding in such case that a note for $500 given by defendant to his former partner was given as security for the bad debts of the partnership and not as a reduction of the amount paid to defendant for his interest, is also *held* to be sustained by the evidence.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Affirmed.*

The appeal is from a judgment decreeing the reformation of a certain contract between the parties and that the plaintiff *Ficks* recover of the defendant the sum of $1,000.

The plaintiff *Ficks* and defendant in September, 1910, entered into partnership, the agreement providing that the defendant was to furnish the capital needed, not in excess of $5,000, and that if at the end of the first year both parties so desired, each should become the owner of an undivided one-half interest in the business and property by an agreement to be made at that time, but that if it were not satisfactory then the defendant should have the right to withdraw the amount originally invested, with interest at five per cent. in so far as the assets were sufficient to do that.

They entered upon that business and conducted it for about a year, at which time the defendant became desirous of disposing of the business, and finally the plaintiff *Ficks* secured the plaintiffs *Barnard* and *Websler* to join with him in taking over the said business, and the four then made a written contract dated September 18, 1911. This new agreement recited the former partnership and the desire of the plaintiffs to take the same over and form a corporation to carry it on. The contract as first drafted contained a recital that the said defendant has an "investment" of $7,000 in said partnership, and has also become personally liable for certain bank loans made to the partnership for the conduct of the business. At the time of the signing of the agreement the word "investment" was stricken out and the word "interest" inserted, apparently by the plaintiff *Webster*. The contract provided for the method in which the payments to defendant were to be made, part in cash, the rest in notes, the last payment being made about a year after the making of this second contract.

At the time of the making of the second contract it was supposed that the indebtedness to the bank covered by the notes was $5,500. It was also understood by all the parties that the entire amount invested, including loans, was $14,500, of which it was undisputed the plaintiff *Ficks* had advanced

$2,000, and, on the assumption that the indebtedness of the bank was $5,500, this would have made the investment of defendant the $7,000 mentioned in the contract.

Immediately after the closing of the deal between the four parties it was ascertained that the indebtedness covered by the notes to the bank was $6,500 instead of $5,500, and that larger amount was paid by the new corporation. There was some conversation then between the parties with reference to this condition, and plaintiffs testified that it was suggested that the matter should be left for further examination, and that if it should then appear that defendant had been overpaid he would repay. There was also testimony of a conversation between plaintiff *Ficks* and defendant to the effect that there were obligations due the former copartnership which in all probability would not be paid and that *Ficks* desired to be secured to the amount of $500 by defendant, as *Ficks* had guaranteed the payment of such debts to the new company. The defendant executed his note at the time of the closing of the deal to the plaintiff *Ficks* for $500 and subsequently paid the same. There were such unpaid debts due the old copartnership. It appeared that during the first year of the business the books of account were not very accurately kept. Loans had been made at various times during the first year evidenced by notes given to the banks, some of which were renewed from time to time by the giving of new notes.

The defendant testified to the effect that he sold whatever interest he had in the business to the plaintiffs for the $7,000 and that there was no understanding or agreement that it was meant by the reference to the $7,000 in the contract to measure the interest that he then actually had in the business or that he was to receive back merely his actual investment, and that his note of $500 to *Ficks* was by reason of an understanding that he was to receive, so far as he and *Ficks*

were concerned, only $6,500 instead of $7,000 for the sale of his interest in the business.

For the appellant there was a brief by *Gilbert & Ela,* and oral argument by *F. L. Gilbert* and *Emerson Ela.*

For the respondents there was a brief by *Olin, Butler, Stebbins & Stroud,* and oral argument by *Ray M. Stroud* and *Harry L. Butler.*

Eschweiler, J. The disputes between the parties in this litigation are as to matters of fact only, that is, whether or not at the time of the agreement in October, 1911, the defendant was selling whatever interest he might have in the business for the lump sum of $7,000, or whether it was understood and agreed between the parties that he was to receive back whatever investment he might have made, and that that was but $6,000 instead of $7,000; and secondly, whether the $500 note made by defendant to the plaintiff *Ficks* was as security for the bad debts of the former copartnership, or whether it was, as defendant claimed, the deduction in the purchase price from $7,000 to $6,500. Defendant further contends that the payments to him by plaintiffs subsequent to their discovery of the mistake as to the obligations to the bank amount to an estoppel or waiver of any present right to recover.

No useful purpose would be served by a lengthy discussion of the evidence. From an examination of the record we are satisfied that there is support therein for the several findings of the court below and that the court was justified in holding that there was a mutual mistake as to the amount actually invested by defendant, even though any mistake be denied by the defendant.

Under the circumstances disclosed the plaintiff *Ficks,* who alone recovers the $1,000, is not barred by any principle of estoppel or waiver from recovering the amount of the overpayment.

There was a dispute between the parties as to the object and purpose in giving the $500 note by defendant to *Ficks,* and in that dispute the court found in favor of the plaintiff, and under the familiar rule that governs under such circumstances that finding must also stand.

*By the Court.*—The judgment of the circuit court is affirmed.